### In re Virginia Funk HAARDT, Trustee for Virginia Anne Haardt, a minor[1], Debtor.

### Virginia Funk HAARDT, Trustee for Virginia Anne Haardt, a minor, Plaintiff,

### v.

### Donald E. FUNK and Heywood Eric Becker, Defendants.

### Bankruptcy No. 84–03546G. Adv. No. 86–0792G.

### United States Bankruptcy Court, E.D. Pennsylvania.

### Sept. 2, 1986.

---

1. This denomination (abomination?) appears as the debtor's name. As a general rule in bankruptcy, each petition may bear the name of only one legal entity. 11 U.S.C. §§ 301 to 303. The exception is that a husband and wife may file one joint petition.

Arsen Kashkashian, Jr., Kashkashian Associates, Philadelphia, Pa., for plaintiff, Virginia Funk Haardt, Trustee for Virginia Anne Haardt, a minor.

Donald E. Funk, Philadelphia, Pa., pro se.

Heywood Eric Becker, New Hope, Pa., pro se.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The issue for consideration is whether we should issue a permanent injunction barring the defendants from improving a parcel of realty which the debtor/plaintiff alleges is property of the estate. For the reasons set forth below, we conclude that the injunction should be denied.

The facts of this case are as follows:[2] The debtor filed a petition for reorganization under chapter 11 of the Bankruptcy Code approximately two years ago. She recently filed the instant complaint and a motion for a temporary restraining order to enjoin the defendants from effecting repairs and improvements to a parcel of realty which the debtor asserts is property of the bankruptcy estate. On the basis of the debtor's sworn averments, we entered the temporary restraining order.[3]

The defendants responded to the complaint, asserting that on motion of a party in interest the automatic stay was previously modified so as to authorize a sheriff's sale of the property. The answer further avers that the property was purchased at the sheriff's sale by one of the defendants several months ago.

At the hearing on the permanent injunction the debtor failed to prove that she retains title to the property in question or any rights in the property. In the case at issue, we conclude that such proof is essential for the issuance or retention of the injunction.

On the basis of a failure of proof, we will accordingly enter an order dissolving the injunction and deny the debtor all relief on her complaint.

We are left to wonder about the source of authority on which the debtor's counsel relied in filing the petition under the above "name."

**2.** This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

**3.** The defendants have acquiesced in the continuation of the injunction until the entry of our decision on the permanent injunction.